**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DINA ELIZABETH PINEDA-ORELLANA,<br><br>          Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Attorney General,**<br><br>          Respondent. | No. 07-72292<br><br>Agency No. A073-996-786<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2012***
San Francisco, California

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     Eric H. Holder is substituted for his predecessor, Michael B. Mukasey, as Attorney General. *See* Fed. R. App. P. 43(c)(2).

    \*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BEA and WATFORD, Circuit Judges, and SESSIONS, District Judge.****

Dina Elizabeth Pineda-Orellana ("Pineda") petitions for review of the order by the Board of Immigration Appeals dismissing her appeal from the immigration judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Substantial evidence supports the agency's determination that Pineda was not credible because of inconsistencies between her hearing testimony and statements she made during her asylum interview. For example, Pineda told the asylum officer that she did not know the reasons why her father and mother were attacked in separate incidents, but at the hearing claimed that both were related to persecution she suffered as a result of her newspaper work. Likewise, Pineda was inconsistent about whether the bus incident in which she witnessed harassment involved guerillas or members of the military, when the incident took place, and whether she took pictures of the perpetrators or merely wrote about the incident. These discrepancies are central to Pineda's claims about why she was persecuted and by whom, and the agency reasonably rejected her explanations. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).

---

**** The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Pineda argues that the agency should not have relied on her asylum interview statements to find these inconsistencies. However, she had a full opportunity to address the discrepancies after the immigration judge put her on clear notice that they cast doubt on her credibility, and her attorney declined an opportunity to cross-examine the asylum officer. In these circumstances, the agency was permitted to consider Pineda's asylum interview statements as a basis for comparison in evaluating her credibility. *Cf. Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005) (holding that asylum officer's report did not support adverse credibility finding because, among other things, petitioner did not have an opportunity to address purported discrepancies).

The agency's adverse credibility finding is sufficient to support its denial of Pineda's asylum and withholding of removal claims. As for her CAT claim, the agency considered the country report describing torture in Guatemala generally and reasonably concluded that Pineda failed to meet her burden of proving it was more likely than not that she would be subjected to torture if she returned there. *See Abufayad v. Holder*, 632 F.3d 623, 631-33 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**